Dave S. Joseph v. Commissioner.
Joseph v. Commissioner
Docket Nos. 107591, 110501.
United States Tax Court
1942 Tax Ct. Memo LEXIS 84; 1 T.C.M. (CCH) 105; T.C.M. (RIA) 42598; November 20, 1942
*84 I. Herman Sher, Esq., 30 Broad St., New York City, for the petitioner. Jonas M. Smith, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, J.: Respondent determined deficiencies in income taxes against petitioner for calendar years and in amounts as follows: Docket No.
Year
Amount
107597
1936
$1,651.36
do
1937
4,096.06
do
1938
2,148.45
110501
1939
649.19
The only issue submitted, and which is common to both these consolidated proceedings, is whether respondent erred by the inclusion of certain amounts received by petitioner from the Royal Manufacturing Company in each of the taxable years, in his income for such years. Findings of Fact The petitioner is an individual and his income tax returns for the taxable years were filed with the collector of internal revenue for the Fifth District of New Jersey, at Newark, New Jersey. During the taxable years, and for some time prior thereto, the petitioner was president of the Royal Manufacturing Company, a corporation (hereinafter called "the Company"), and was generally in charge of its operations. Of the 3,500 shares outstanding of the then voting stock, petitioner held two shares and *85 his wife 1,998. The Company had originally been engaged in the manufacture of journal box packing and cotton wiping waste. Prior to the taxable years this business was expanded by the addition of a soft waste business in which the Company purchased and sold textile waste by-products. On January 11, 1935 the directors of the Company adopted the following resolution: RESOLVED, that effective on January 1st, 1935, annual salaries of the following officers and employees be fixed at the sums set opposite their respective names under the heading salary, and that they also be allowed drawings for expenses up to but not exceeding the amount set opposite their respective names under the heading expenses, and that the said salaries and expenses although calculated on an annual basis be for no definite term but only at the pleasure of the Board and subject to change by it at any time, and that said resolution shall not constitute a hiring of the said officers and employees for any definite time, but only at the pleasure of the Board. Name
Salary
Expenses
Dave S. Joseph, President
$17,000
$9,000
Ira A. Stone, Vice President
9,000
4,000
Philip A. Green, Vice Presi-
dent and Secretary
10,300
4,000
Sydney R. Green, Vice
President
10,300
4,000
*86 By authority of that resolution, the Company paid petitioner $9,000 during the calendar year 1936. On December 21, 1936, the Company adopted the following resolution: On motion duly made, seconded and unanimously carried, it was FURTHER RESOLVED, that the annual expenses of the President, Dave S. Joseph, be increased by $10,000, which was to be borne solely by the Thread Waste Department. By virtue of this resolution, the Company paid petitioner $19,000 in 1937. On May 3, 1938 the directors of the Company adopted the following resolution: On motion duly made, seconded and unanimously carried, it was RESOLVED that the reduction of 15% in officers' salaries and expense allowance, effective as of March 14, 1938, be duly ratified and approved. On motion duly made, seconded and unanimously carried, it was RESOLVED that a further reduction of 10% be made in officers' original salaries and expense allowance effective with the period beginning May 16, 1938. On October 19, 1938 the directors of the Company adopted the following resolution: On motion duly made, seconded and unanimously carried it was agreed to accept Mr. Joseph's graclous offer to reduce his salary and expenses, *87 and it was thereupon RESOLVED, that the annual salary and expense allowance of Dave S. Joseph be decreased, effective October 16, 1938 or in the November 15th period, as follows: salary item from $12,750. to $8500.; expense allowance from $14,250. to $9500. By virtue of these resolutions and the last prior resolution in so far as it was effective, the Company paid petitioner $14,171.76 in 1938 and $6,914.16 in 1939. None of these amounts were included by petitioner in his income tax returns. Respondent added these amounts to petitioner's income for the respective calendar years in which received from the Company, on the ground that they were additional compensation. Opinion The position of the petitioner is that these amounts were paid to and received by him from the Company as reimbursement for business expenses of the Company either already paid by him when such funds were received or were paid thereafter in the respective taxable years. The issue here is factual. Were the contested payments actually expended by petitioner in the business of the Company? Undoubtedly, the testimony indicates that the waste business in which the Company was engaged was highly competitive. It *88 seems, moreover, that personal contacts of the Company's key man with the trade were highly important in meeting that competition. It is said that lavish and even extravagant entertainment was a necessary element in getting and holding the Company's business. The directors were practically all key men in developing the business, although the petitioner's field was limited to that of the larger corporations. He and his wife owned 2,000 of the outstanding 3,500 then voting shares of stock. He dominated the Company. The so-called payments for "expenses" were authorized as mere estimates and were made at the same time and coincidentally with those for the salaries of the respective officers. During each of the taxable years the petitioner expended money for the Company in expensive trips to Europe and to points in the United States. Upon his return, in each instance, he was reimbursed therefor upon his furnishing an itemized statement covering the same. These statements were so detailed as to include tips. Despite this obvious care and exactitude in those business reimbursements, all of which respondent allowed, the petitioner is here seeking to establish the expenditure of some $49,085.92 *89 over a period of four years in the business of the Company, without furnishing us with one scintilla of evidence as to the amount of any single expenditure, its date or specific purpose. The physical condition of the taxpayer restricting his power of speech is regretable, and undoubtedly affected the clarity of his testimony. Nevertheless, this tragedy can not be permitted to render us blind to the evidence. He did testify that he kept no records at all of any of these contested expenditures. This, he said, was because of the pressure of business and the circumstance that many of those upon whom the money was spent would have resented the inference that they were being "entertained". He admitted that the money was commingled with his own funds and some of it may have been expended for personal entertainment with his wife and that loans of some of the funds may have been made. It may well be that the burden of proof in these cases, under some circumstances, has been somewhat lightened. See ; . Nevertheless no authority has been cited to us, nor do we find *90 any, where the taxpayer has prevailed on such a record as is here. Decision will be entered for the respondent.